UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                    :

   IN RE:                                   :   CASE NO.: 17-74291-las

   Shazia P. Rizwan                    :   CHAPTER: 7

   Debtor(s)                           :   HON. JUDGE.:
                                                      :   LOUIS A. SCARCELLA

                                                      :   HEARING DATE:
                                                     :   OCTOBER 19, 2017 @ 10:00 AM

-------------------------------------------------------------------X

## MOTION FOR RELIEF FROM THE
## AUTOMATIC STAY REGARDING REAL PROPERTY

      Fay Servicing LLC as servicer for U.S. ROF II Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee ("Movant") hereby moves this Court, pursuant to 11 U.S.C. 362(d)(1), for relief from the automatic stay with respect to certain real property of the Debtor having an address of 15 Yellow Top Lane, Smithtown, New York 11787 a/k/a 17763, (the "Property"), for all purposes allowed by law, the Note (defined below), the Mortgage (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

### FACTUAL HISTORY

      1.    A Petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtor on July 17, 2017.

      2.    The Debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $668,000.00 (the "Note"). A copy of the Note is attached hereto as **Exhibit A**.

3. Pursuant to the certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as **Exhibit B**.

4. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to that certain assignment of Mortgage, a copy of which is attached hereto as **Exhibit C**.

5. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $750.00 in legal fees and $181.00 in filing costs.

## LEGAL ARGUMENT

6. Pursuant to 11 U.S.C. §362 (d), the court shall enter an order granting a secured creditor relief from the automatic stay where the debtor does not have equity in the property and the property in question is not necessary to an effective reorganization (See §362 (d)(2)(A)).

7. As of <u>August 25, 2017</u>, the outstanding amount of the Obligations less any partial payments or suspense balance is $943,560.66, as shown in **Exhibit D**. A Broker Price Opinion ("BPO") was conducted on the Property on March 30, 2017 and a value of $799,000.00 was returned. A copy of the BPO is attached hereto as **Exhibit E**. Therefore, it is self-evident that the debtor lacks any equity in the subject property and the first prong of 11. U.S.C.(d)(2)(A) has been satisfied. <u>See</u> <u>In Re Matter of Cardell</u>, 88 B.R. 627, 631-32 (Bankr. N.J. 1988).

8. Pursuant to 11 U.S.C. 362(g)(2), the party opposing relief under 11 U.S.C. 362(d) has the burden of proof on all other issues save that of the debtor's equity in the property including whether a plan of reorganization is likely to be confirmed. As of the date of this motion the debtor has failed to make any showing that the property is required for reorganization under the Bankruptcy code. As the burden imposed upon the debtor by 11 USC 362(d)(2)(B) has not been met an order should be entered granting the movant relief from stay.

9. Oral argument is waived.

**WHEREFORE**, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by law, the Note, the Mortgage and applicable law, including but not limited to allowing Movant and any successor or assigns to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to another case under any other chapter of Title 11 of the United States Code.

3. Permitting Movant to offer and provide Debtors with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with Debtors without further order of the court.

4. For such other relief as the Court deems proper.

Dated: New York, NY
      August 30, 2017

By: /s/ Adam J. Friedman
Adam J. Friedman, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Fay Servicing LLC as servicer for U.S. ROF II Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee
85 Broad Street, Suite 501
New York, New York 10004
T: (212) 471-5100
F: (212) 471-5150